IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: |
| JAKE'S FIREWORKS, INC. ) | |
| Serve: 1500 E. 27th Terrace ) | JURY TRIAL DEMANDED |
| Pittsburgh, KS 66762 ) | |
| ) | |
| and ) | |
| ) | |
| HOWARD O. HARPER ) | |
| Serve: 308 S. Osage Street ) | |
| Girard, KS 66743 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff, Everest Indemnity Insurance Company ("Everest"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, hereby states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Everest is an insurance company incorporated, organized, and existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey, and it is therefore a corporate citizen of the State of Delaware and the State of New Jersey.

2. Defendant Jake's Fireworks, Inc. ("Jake's") is a company incorporated, organized, and existing under the laws of the State of Kansas, with its principal place of business in the State of Kansas, and it is therefore a corporate citizen of the State of Kansas. Jake's may be served at 1500 E. 27th Terrace, Pittsburgh, KS 66762.

3. Defendant Howard Harper ("Harper") is an individual who is a resident of the State of Kansas. Harper may be served at 308 S. Osage Street, Girard, KS 66743.

4. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 as Everest is seeking a determination of its rights and obligations under a policy of insurance issued to Jake's. Jurisdiction is also proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action occurred in Crawford County, Kansas.

## GENERAL ALLEGATIONS

6. Everest brings this action seeking an interpretation of an insurance policy issued to Defendant Jake's, as well as a declarations of its right and obligations thereunder.

7. Everest issued to Jake's and several related entities, including Lone Star Management, LLC ("Lone Star"), as named insureds an insurance policy, Policy No. SI8GL00320141, with effective dates of February 15, 2014 to February 15, 2015 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

8. Subject to certain terms, provisions, definitions, limitations, and exclusions, the Policy provides commercial general liability insurance with a limit of liability of $1,000,000 each occurrence.

9. The Policy contains the following relevant provisions, among others:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM
…

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

…

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

…

2. **Exclusions**
   This insurance does not apply to:

…

   e. **Employer's Liability**[1]
      "Bodily injury" to:

      **(1)** Any "employee" of any insured, to any contractor hired or retained by or for any insured or any "employee" or sub-contractor of any such contractor for any claim arising out of and in the course of:

      **(a)** Employment or retention by or for any insured, any contractor or any subcontractor; or

      **(b)** Performing duties related to the conduct of any insured's or any contractor or subcontractor's business;

      **(2)** The spouse, child, parent, brother, sister of any "employee" of any insured, of any contractor, or of any sub-contractor as a consequence of Paragraph **(1)** above.

      This exclusion applies:

      **(1)** Whether any insured, contractor or subcontractor may be liable as an employer or in any other capacity; and

      **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

…

---

[1] Per endorsement ECG 21 740 09 11.

**SECTION II – WHO IS AN INSURED**

1.  If you are designated in the Declarations as:

    …

    c.  A limited liability company, you are an insured. …

    d.  An organization other than a partnership, joint venture, or limited liability company, you are an insured. …

    …

**SECTION V – DEFINITIONS**

    …

5.  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

    …

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

    …

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

\*\*\*

10. At all times relevant herein, Jake's and Lone Star were parties to a "Staffing Services Agreement," a copy of which is attached hereto as Exhibit B.

11. Per the Staffing Services Agreement, Lone Star contracted to provide its employees to Jake's to perform the services necessary to the operations of Jake's' business. (See Exhibit B) (See Exhibit C – Excerpt from Harper's Response to Jake's Motion for Summary Judgment).

12. Per the Staffing Services Agreement, Lone Star is an independent contractor of Jake's. (See Exhibit B).

13. The entire business of Lone Star is to hire and employ workers who are then leased and provided to Jake's and other business entities owned and controlled by members of Jake's ownership. (See Exhibit D – Excerpt from deposition of Mike Baker, 29:21-23).

14. At all times relevant herein, Defendant Howard Harper was an employee of Lone Star. (See Exhibit C – Excerpt from Harper's Response to Jake's Motion for Summary Judgment).

15. Harper was one of the Lone Star employees whom Lone Star had leased and provided to Jake's to perform services necessary to the operation of Jake's business.

16. At all times relevant herein, Harper was subject to the instruction and control of Jake's as he performed services necessary to the operation of Jake's' business. (See Exhibit C – Excerpt from Harper's Response to Jake's Motion for Summary Judgment).

17. On or about August 12, 2014, Harper and another employee were cleaning out a trailer owned by Jake's which contained expired consumer fireworks owned by Jake's.

18. As Harper and the other employee were utilizing a fork lift while they performed that task, explosive material ignited and started a fire, resulting in injuries to Harper.

19. Harper filed a workers compensation claim against Lone Star, and Lone Star's workers compensation insurer settled Harper's workers compensation claim.

20. Harper has since filed a negligence action against Jake's for the injuries he sustained on or about August 12, 2014. That negligence action is styled *Howard Harper v. Jake's Fireworks, Inc.*, and is assigned Case Number 2016-CV-000086-P in the District Court of Crawford County, Kansas. A copy of that lawsuit is attached hereto as Exhibit E.

21. Jake's made a tender of defense and indemnity to Everest under the Policy.

22. Everest has been and is currently providing Jake's a defense against Harper's lawsuit under a reservation of rights.

## DECLARATORY JUDGMENT

23. An actual case or controversy of a justiciable nature exists between Everest and the defendants concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

24. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

25. All necessary and proper parties are before the Court with respect to the matters in controversy.

26. Everest has no adequate remedy at law.

***The Policy excludes coverage for injury to Harper, who was an employee of Lone Star, an insured under the Policy.***

27. The Policy's exclusion titled "Employer's Liability" bars coverage for injury to any "employee" of any insured.

28. Lone Star, as a named insured, qualifies as an insured under the Policy.

29. Harper was an "employee" of Lone Star on the date of the accident.

30. Harper's injury occurred while he was performing acts and services related to the conduct of Lone Star's and Jake's' businesses, within the course and scope of his employment with Lone Star, an insured, as he was cleaning expired consumer fireworks out of a trailer for Jake's, another insured, pursuant to the Staffing Services Agreement between Lone Star and Jake's.

31. Since Harper was an "employee" of any insured (Lone Star), the "Employer's Liability" exclusion applies to bar coverage for Harper's injury claim.

***The Policy excludes coverage for injury to Harper, who was a "leased worker," and therefore an "employee," of Jake's, an insured under the Policy.***

32. Again, the Policy's exclusion titled, "Employer's Liability" bars coverage for injury to any "employee" of any insured.

33. Jake's, as a named insured, qualifies as an insured under the Policy.

34. The Policy's definition of "employee" includes a "leased worker."

35. Lone Star, whose entire business is to hire and employ workers who are then leased and provided to Jake's and other related business entities, is a labor leasing firm.

36. Pursuant to the Staffing Services Agreement, Harper was leased to Jake's by Lone Star to perform services necessary to the operation of Jake's' business.

37. With respect to Jake's, Harper was a "leased worker" and therefore qualifies as an "employee" of Jake's, as those terms are defined in the Policy.

38. Harper's injury occurred while he was performing acts and services related to the conduct of Lone Star's and Jake's' businesses, within the course and scope of his employment with Lone Star, an insured, as he was cleaning expired consumer fireworks out of a trailer for Jake's, another insured, pursuant to the Staffing Services Agreement between Lone Star and Jake's.

39. Since Harper was an "employee" of any insured (Jake's), the "Employer's Liability exclusion applies to bar coverage for Harper's injury claim; this reason for the exclusion of coverage is separate and independent of the reason set forth in paragraphs 27 through 31, above.

***The Policy excludes coverage for injury to Harper, who was an employee of Lone Star, a contractor hired and retained by Jake's, an insured under the Policy.***

40. The Policy's exclusion titled, "Employer's Liability" bars coverage for injury to any "employee" of any contractor hired or retained by or for an insured.

41. Jake's, as a named insured, qualifies as an insured under the Policy.

42. Pursuant to the Staffing Services Agreement, Lone Star was an independent contractor of Jake's, retained by Jake's to lease and provide employees to perform services necessary to the operation of Jake's' business.

43. Harper was an "employee" of Lone Star.

44. With respect to Jake's, Harper was an "employee" of a contractor hired and retained by or for Jake's.

45. Harper's injury occurred while he was performing acts and services related to the conduct of Lone Star's and Jake's' businesses, within the course and scope of his employment with Lone Star, an insured, as he was cleaning expired consumer fireworks out of a trailer for Jake's, another insured, pursuant to the Staffing Services Agreement between Lone Star and Jake's.

46. Since Harper was an "employee" of a contractor (Lone Star) hired and retained by an insured (Jake's), the "Employer's Liability exclusion applies to bar coverage for Harper's injury claim; this reason for the exclusion of coverage is separate and independent of the separate reasons set forth in paragraphs 27 through 31 and 32 through 39, above.

WHEREFORE, Plaintiff Everest Indemnity Insurance Company respectfully requests this Court to declare the rights and obligations of the parties under the Policy issued to Defendant Jake's Fireworks, Inc., and to enter judgment in favor of Everest, adjudging and declaring that there is no coverage for the underlying lawsuit or any of the damages alleged therein, that Everest has no duty to defend Jake's in the underlying lawsuit, that Everest has no duty to indemnify Jake's for any judgment that may be entered in the underlying lawsuit, and that Everest is entitled to such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/  Timothy J. Wolf
Timothy J. Wolf, KS#26081 KSD# 78289
Brown & James, P.C.
800 Market Street, Suite 1100
Saint Louis, Missouri 63101
314-421-3400
314-421-3128 (fax)
twolf@bjpc.com
*Attorneys for Plaintiff*

21515973