# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

| | |
|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| JAKE'S FIREWORKS, INC. and HOWARD O. HARPER, | ) Case No. 2:19-cv-02620-JAP-ADM<br>)<br>) |
| Defendants. | )<br>)<br>) |
| MAXUM INDEMNITY COMPANY, | )<br>) |
| Intervenor Plaintiff, | ) |
| v. | )<br>) |
| JAKE'S FIREWORKS, INC. and HOWARD O. HARPER, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Intervenor Plaintiff, Maxum Indemnity Company ("Maxum"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, hereby states as follows:

## PARTIES

1.  Maxum is an insurance company incorporated, organized, and existing under the laws of the state of Connecticut with its principal place of business in the state of Georgia, and it is therefore a corporate citizen of Connecticut and Georgia.

2.  Upon information and belief, Plaintiff Everest Indemnity Insurance Company ("Everest") is an insurance company incorporated, organized, and existing under the laws of the

HB: 4816-4045-2019.16

state of Delaware with its principal place of business in the state of New Jersey, and it is therefore a corporate citizen of the states of Delaware and New Jersey.

3. Upon information and belief, Defendant Jake's Fireworks, Inc. ("Jake's") is a company incorporated, organized, and existing under the laws of the state of Kansas, with its principal place of business in the state of Kansas, and it is therefore a corporate citizen of the state of Kansas. Jake's may be served at 1500 E. 27th Terrace, Pittsburg, Kansas 66762.

4. Upon information and belief, Defendant Howard O. Harper ("Harper") is an individual who is a resident of the state of Kansas. Harper may be served at 308 S. Osage Street, Girard, Kansas 66743.

## JURISDICTION AND VENUE

5. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 as Maxum is seeking a determination of its rights and under a policy of insurance issued to Jake's.

6. Jurisdiction is also proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. The nature of this claim, a single claim for declaratory judgment, also allows this court unique and substantial discretion to exercise jurisdiction over this matter pursuant to the *Brillhart/Wilton* doctrine.

8. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action occurred in Kansas.

## GENERAL ALLEGATIONS

9. Maxum brings this action seeking an interpretation of an excess insurance policy issued to Jake's, as well as a declaration of Maxum's rights and obligations thereunder.

HB: 4816-4045-2019.16

**A.     The Relevant Insurance Policies**

10.     Maxum issued Policy No. EXC 6018367-03, a commercial excess liability policy effective from February 15, 2014 to February 15, 2015, to Jake's (the "Maxum Policy").  A copy of the Maxum Policy is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.  *See* Ex. A, Commercial Excess Liability Coverage Part Declarations, Policy Period.

11.     The Maxum Policy has limits of liability of $5,000,000 for each occurrence and in the aggregate but only for "ultimate net loss" in excess of the "retained limit," as more fully set forth in the Maxum Policy.  Ex. A, Commercial Excess Liability Coverage Part Declarations, Limits of Liability; Section I, 1. Insuring Agreement, para. a.

12.     The Maxum Policy provides in relevant part:

**SECTION I – COVERAGES**
**1.     Insuring Agreement**
    **a.**     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" to which insurance provided under the Coverage Part applies.

        We will have the right and duty to defend the insured against any suit seeking damages for such "injury or damage" when the applicable limits of "controlling underlying insurance" have been exhausted in accordance with the provision of such "controlling underlying insurance."

        When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other suit seeking damages for "injury or damage."

        However, we will have no duty to defend the insured against any suit seeking damages for which insurance under this policy does not apply.

Ex. A, Section I, 1. Insuring Agreement, para. a.

3

13. Under the Maxum Policy, "insured" is defined as "any person or organization qualifying as such under the 'controlling underlying insurance'." Ex. A, Commercial Excess Liability Coverage Form, p. 1.

14. "Ultimate net loss" is defined by the Maxum Policy as follows:

> 6. "Ultimate net loss" means the total sum, after reduction for recoveries, or salvages collectible, that the insured becomes legally obligated to pay as damages by reason of:
> a. Settlements, judgments, binding arbitration; or
> b. Other binding alternative dispute resolution proceedings entered into with our consent.
>
> "Ultimate net loss" includes defense expenses if the "controlling underlying insurance" specifies that limits are reduced by defense expenses.

Ex. A, Section IV, para. 6.

15. The "retained limit" is defined by the Maxum Policy as "the available limit of 'controlling underlying insurance' applicable to the claim." Ex. A, Section IV, para. 5.

16. "Injury or damage" is defined by the Maxum Policy as "any injury or damage, covered in the applicable 'controlling underlying insurance' arising from an 'event' and means compensation only in the form of money for a person or entity who claims to have suffered bodily injury or who claims to have sustained property damage." Ex. A, Section IV, para. 4.

17. The "controlling underlying insurance" is defined as "any policy of insurance or self-insurance listed in the Declaration under the Schedule of 'controlling underlying insurance'." Ex. A, Section IV, para. 1.

18. The Maxum Policy follows the form of and provides coverage pursuant to the terms of the "controlling underlying insurance" unless stated otherwise in the Excess Policy. Specifically, the policy provides:

> The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable

"controlling underlying insurance," unless otherwise directed by this insurance.

Ex. A, Commercial Excess Liability Coverage Form, p. 1.

19. In SECTION I – COVERAGES, paragraph 2. Exclusions, the Maxum Policy provides that "the exclusions applicable to any 'controlling underlying insurance' apply to this insurance unless superseded by the following exclusions or superseded by any other exclusions added by endorsement to this Coverage Part." Ex. A, Section I, para. 2

20. Similarly, SECTION IV – DEFINITIONS of the Maxum Policy provides that "[t]he definitions applicable to the 'controlling underlying insurance' also apply to this insurance." Ex. A, Section IV.

21. The "controlling underlying insurance" for this matter is the primary commercial general liability policy, policy number SI8GL00320141, issued by Everest (the "Everest Policy"). Exhibit B, Everest Policy, Policy No. SI8GL00320141.

22. The Everest Policy has a policy period of February 15, 2014 to February 15, 2015 and has limits of liability of $1,000,000 per occurrence. Ex. B, Common Policy Declarations, Policy Period; Commercial General Liability Coverage Part Declarations, Limits of Insurance.

23. Under the terms of the Maxum Policy, for purposes of this matter, subject to certain policy provisions and exclusions, the Maxum Policy provides coverage in the amount of $5,000,000 ultimate net loss in excess of the $1,000,000 limit of the Everest Policy because of injury or damage covered by the Everest Policy.

24. The Maxum Policy also provides coverage under the same provisions, exclusions and limitations of the Everest Policy, unless otherwise directed in the Maxum Policy.

25. Relevant to the claims at issue here, the Everest Policy provides coverage as follows:

5

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1.   Insuring Agreement**
>> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate an "occurrence" and settle any claim or "suit" that may result. But:
>> (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and
>> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

Ex. B, Section I, Section 1, COVERAGE A, para. 1.

26.   Costs paid for investigation and defense of a claim under the Everest Policy do not reduce the policy limits of the Everest Policy. *See* Ex. B, SECTION I - COVERAGES, COVERAGE A, para. 1.a.(2); SECTION – COVERAGES, SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

27.   Under the Everest Policy, an "insured" is "any person or organization who qualifies under Section II of the policy." Section II provides in relevant part:

> **SECTION II – WHO IS AN INSURED**
>   **1.** If you are designated in the Declarations as:
>> ***
>>   **c.** A limited liability company, you are an insured. …
>>
>>   **d.** An organization other than a partnership, joint venture, or limited liability company, you are an insured. …

6

28. Jake's Fireworks, Inc. is identified as a "named insured" in the Declarations of the Everest Policy, pursuant to Endorsement No. ILU003 (0589) and is considered an "insured" under the Everest Policy. Ex. B, End. No. ILU003 (0589).

29. Lone Star Management, LLC ("Lone Star"), a labor leasing firm, is a "named insured" in the Declarations of the Everest Policy, pursuant to Endorsement No. ILU003 (0589) and is considered an "insured" under the Everest Policy. Ex. B, End. No. ILU003 (0589).

30. Jake's is also an insured under the Maxum Policy. *See*, Ex. A, p. 1.

31. Lone Star is also an insured under the Maxum Policy. *See*, Ex. A, p. 1.

32. The Everest Policy, per endorsement ECG 21 740 09 11, contains the following exclusion:

> This insurance does not apply to:
>
> **e. Employer's Liability**
>
> "Bodily injury" to:
> **(1)** Any "employee" of any insured, or any contractor hired or retained by or for any insured or any "employee" or sub-contractor of any such contractor for any claim arising out of and in the course of:
> > **(a)** Employment or retention by or for any insured, any contractor or any subcontractor; or
> > **(b)** Performing duties related to the conduct of any insured's or any contractor or subcontractor's business;
>
> **(2)** The spouse, child, parent, brother, sister of any "employee" of any insured, of any contractor, or of any sub-contractor as a consequence of Paragraph **(1)** above.
>
> This exclusion applies:
> **(1)** Whether any insured, contractor or subcontractor may be liable as an employer or in any other capacity; and
> **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Ex. B, Endorsement ECG 21 740 09 11.

33. Under the Everest Policy, an "'employee' includes a 'leased worker,' but not a 'temporary worker'." Ex. B, Sec. V, para. 5.

34. A "leased worker" is a "person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." . . . Ex. B, Sec. V, para. 10.

35. A "temporary worker" is "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." Ex. B, Sec. V, para. 19.

36. The Maxum Policy follows the form of the Everest Policy as the controlling underlying insurance. In particular, the Maxum Policy provides that "the exclusions applicable to any 'controlling underlying insurance' apply to this insurance", and "[t]he definitions applicable to the 'controlling underlying insurance' also apply to this insurance." Ex. A, Section I, para. 2; Section IV.

37. Therefore the Employer's Liability exclusion and the defined terms in the Everest Policy are equally applicable to claims under the Maxum Policy.

**B.    The Harper Claims**

38. At all relevant times, Jake's and Lone Star were parties to a Staffing Company Agreement, a copy of which is attached hereto as Exhibit C.

39. Jake's is in the business of selling fireworks. Exhibit D, p. 1 (Harper's Opposition to Jake's' Motion for Summary Judgment, Case No. 2016-CV-000086-P).

40. Lone Star is a labor leasing company that provides staffing services to Jake's. Ex. D, p. 1 ("Defendant [Jake's] had a contract with Lone Star Management, LLC, to provide

8

employees to Defendant, and Defendant had no employees of its own."); *see also*, Ex. C, p. Article I, § 1.1.

41. By virtue of this Staffing Company Agreement, and as admitted by Harper, Lone Star contracted with Jake's to provide employees to Jake's who would perform services necessary to the operation of Jake's' business. *See*, Ex. C, Article I, § 1.1; *see also*, Ex. D, p. 1.

42. The Staffing Company Agreement clarifies that Lone Star is an independent contractor of Jake's. *See,* Ex. C, Article VI, § 6.1.

43. At all relevant times, Harper was an employee of Lone Star. Exhibit E, ¶ 4 (Harper's Petition for Damages, Case No. 16-CV86-P).

44. At all relevant times, Harper was leased by Lone Star to Jake's to perform services necessary to the operation of Jake's business. Ex. D, p. 1 ("At the time of his injury, [Harper] was in the course and scope of his employment with Lone Star Management, LLC . . . Defendant had a contract with Lone Star Management, LLC, to provide employees to Defendant . . . ."); *see also*, Ex. C, Article I, § 1.1 ("[Jake's] wishes to contract with [Lone Star Management, LLC], for the providing of staff for management *and services necessary to operate [Jake's'] business*.") (emphasis added).

45. While performing work for Jake's, Harper was subject to the instruction and control of Jake's. *See*, Ex. E, ¶ 5; Ex. D, ¶ 4.

46. On or about August 12, 2014, Harper contends that, while he was an employee of Lone Star leased to Jake's, he and another individual were cleaning expired consumer fireworks owned by Jake's out of a metal storage container owned by Jake's. Ex. E, ¶ 5-8.

47. Harper further alleges that, pursuant to Jake's' instructions, he and the other individual were utilizing a fork lift while they performed that task. *Id.*

9

48.     Harper contends that while performing the task, explosive material ignited and started a fire, resulting in injuries to Harper. *Id.*

49.     Harper filed a workers' compensation claim against Lone Star, and Lone Star's workers' compensation insurer settled Harper's workers' compensation claim. *See* Exhibit F (Harper's Response to Defendant Jake's Fireworks Motion to Dismiss, Ex. A "Pretrial Settlement Conference Stipulations," p. 2).

50.     On July 29, 2016, Harper filed a lawsuit against Jake's seeking damages for bodily injuries he allegedly sustained as a result of the August 12, 2014 fire. That lawsuit is pending in the District Court of Crawford, County, Kansas, Case No. 2016-CV-000086-P. *See*, Ex. E (the "Harper Lawsuit").

51.     Harper asserts claims for negligence, premise liability, and negligence per se against Jake's.  *See*, Ex. E.

52.     The lawsuit seeks damages exceeding the limits of the Everest Policy, thereby potentially implicating Maxum's Policy. *See*, Ex. F, p. 2, ¶ 16.

## DECLARATORY JUDGMENT

53.     Maxum reasserts and incorporates by reference Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.     Because the alleged damages in the Harper Lawsuit exceed the limits of the Everest Policy, an actual case or controversy of a justiciable nature exists between Maxum and Jake's and Harper as to whether Maxum has any coverage obligations with respect to the claims asserted in the Harper Lawsuit under the Maxum Policy.  Litigation as to this controversy is inevitable and imminent.

55. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

56. All necessary and proper parties are before the Court with respect to the matters in controversy.

57. Maxum has no adequate remedies at law.

58. Maxum requests a declaration of the parties' rights and obligations under the Maxum Policy. Specifically, Maxum requests a declaration that it has no coverage obligations with respect to the claims asserted in the Harper Lawsuit for the reasons specified below.

**1.     Maxum Owes No Duty to Defend Jake's In the Harper Lawsuit and Defense Costs Incurred for the Harper Lawsuit Are Not Covered by the Maxum Policy.**

59. Maxum reasserts and incorporates by reference Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. The Maxum Policy only imposes a duty to defend an insured when "the applicable limits of 'controlling underlying insurance' have been exhausted." Ex. A, SECTION I, para. 1.a.

61. The Everest Policy is the "controlling underlying insurance" applicable to the claims in the Harper Lawsuit. Ex. A, Section IV, para. 1; *see generally,* Ex. B.

62. The Everest Policy imposes upon Everest a duty to defend an insured. Ex. B, SECTION I, COVERAGE A, para. 1.a.

63. Everest's duty to defend does not end until Everest has "used up the applicable limit of insurance in the payment of judgments or settlements . . . ." Ex. B, SECTION I, COVERAGE A, para. 1.a.(2).

64. Furthermore, the payments of costs and expenses incurred as part of the defense which Everest provides do not reduce the limits of insurance. Ex. B, SECTION I, COVERAGES, SUPPLEMENTAL PAYMENTS, para. 1.

65. Everest is providing a defense to Jake's under a reservation of rights. *See*, *Everest Indemnity Insurance Company v. Jake's Fireworks, et al.*, Case No. 2-19-CV-02620-JAR-ADM, Doc. 1, Plaintiff Everest's Complaint for Declaratory Judgment, ¶ 22.

66. Accordingly, Maxum requests a declaration that it does not currently have a duty to provide Jake's a defense for the claims asserted in the Harper Lawsuit.

67. Maxum also requests a declaration that it will never in the future have a duty to provide Jake's a defense for the claims asserted in the Harper Lawsuit because coverage for those claims is excluded under the Maxum Policy, for the reasons described in sections 2 through 4 of this request for declaratory relief.

**2. Harper's Claims are Excluded from Coverage Under the Maxum Policy Because Harper was an Employee of Insured Lone Star.**

68. Maxum reasserts and incorporates by reference Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69. The Maxum Policy is subject to the same exclusions applicable to any "controlling underlying insurance." Ex. A, SECTION I – COVERAGES, para. 2.

70. The Everest Policy is the "controlling underlying insurance" for purposes of the claims in the Harper Lawsuit. Ex. A, Section IV, para. 1; *see generally,* Ex. B.

71. The employer's liability exclusion in Endorsement ECG 21 740 09 11 of the Everest Policy, excludes coverage for bodily injury to any "employee" of any insured arising out of or in the course of "(a) employment or retention by or for any insured, any contractor, or sub-

contractor or (b) performing duties related to the conduct of any insured's or any contractor or sub-contractor's business . . . ." Ex. B, Endorsement ECG 21 740 09 11.

72. Both Jake's and Lone Star, are insureds under the Everest Policy and the Maxum Policy. Ex. B, End. No. ILU003 (0589); Ex. A, p.1.

73. According to Harper, he was an employee of Lone Star on the date of the incident. *See*, Ex. E, ¶ 4.

74. Pursuant to the Staffing Company Agreement between Lone Star and Jake's, Harper was leased by Lone Star to provide services to assist in operating Jake's' business. Ex. D, p. 1; Ex. C, Article I, § 1.1.

75. Harper's alleged injury occurred while he was an employee of Lone Star and while he was leased to Jake's. Ex. D, p. 1; Ex. C, Article I, § 1.1.

76. Specifically, Harper's injuries allegedly occurred while he was cleaning expired consumer fireworks out of a metal storage container for Jake's. Ex. E, ¶ 5-8

77. Harper's alleged injury and claims arise out of and in the course of his employment and retention with Lone Star, an insured. Ex. D, p. 1.

78. Harper's alleged injury and claims also arise out of and in the course of his performance of duties related to the conduct of Jake's—an insured's—business.

79. The claims in the Harper Lawsuit are excluded from coverage under the Everest Policy by Endorsement ECG 21 740 09 11.

80. The claims in the Harper Lawsuit are therefore excluded from coverage under the Maxum Policy.

81. Maxum requests a declaration that it has no duty to defend or indemnify Jake's for the claims asserted in the Harper Lawsuit because those claims are excluded from coverage under the Maxum Policy by Endorsement ECG 21 740 09 11 of the Everest Policy.

**3. Harper's Claims are Excluded from Coverage Under the Maxum Policy Because Harper was a Leased Worker and by Definition an Employee of Insured Jake's.**

82. Maxum reasserts and incorporates by reference Paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83. The Maxum Policy is subject to the same definitions and exclusions applicable to any "controlling underlying insurance." Ex. A, SECTION I – COVERAGES, para. 2.

84. The Everest Policy is the "controlling underlying insurance" for purposes of the claims in the Harper Lawsuit. Ex. A, Section IV, para. 1; *see generally,* Ex. B.

85. The employer's liability exclusion in Endorsement ECG 21 740 09 11 of the Everest Policy, excludes coverage for bodily injury to any "employee" of any insured arising out of or in the course of "(a) employment or retention by or for any insured, any contractor, or sub-contractor or (b) performing duties related to the conduct of any insured's or any contractor or sub-contractor's business . . . ." Ex. B, Endorsement ECG 21 740 09 11.

86. The Everest Policy defines "employee," to include a "leased worker." Ex. B, Sec. V, ¶ 5.

87. A "leased worker" is a person leased to an insured by a labor leasing firm to perform duties related to the conduct of the insured's business. Ex. B, Sec. V, ¶ 10.

88. Jake's is an insured under the Everest Policy and the Maxum Policy. Ex. B, End. No. ILU003 (0589); Ex. A, p. 1.

89. According to Harper, he was an employee of Lone Star on the date of the incident. *See*, Ex. E, ¶ 4.

90.     Pursuant to the Staffing Company Agreement between Lone Star and Jake's, Harper was leased by Lone Star to provide services to assist in the operations of Jake's business. Ex. E, ¶ 4-7; *see also*, Ex. D, p. 1-2.

91.     Harper was a leased worker of Jake's and therefore an employee of Jake's.

92.     Harper's injury allegedly occurred while he was an employee of Lone Star, leased to Jake's, and while he was performing duties related to the conduct of Jake's'—an insured's—business.

93.     Specifically, Harper's injuries allegedly occurred while he was cleaning expired consumer fireworks out of a trailer for Jake's. Ex. E, ¶ 5-8.

94.     Harper's alleged injury and claims arise out of and in the course of his performance of duties related to the conduct of Jake's—an insured's—business.

95.     The claims in the Harper Lawsuit are excluded from coverage under the Everest Policy by Endorsement ECG 21 740 09 11.

96.     The claims in the Harper Lawsuit are therefore excluded from coverage under the Maxum Policy.

97.     Maxum requests a declaration that it has no duty to defend or indemnify Jake's for the claims asserted in the Harper Lawsuit because those claims are excluded from coverage under the Maxum Policy by Endorsement ECG 21 740 09 11 of the Everest Policy.

**4.    Harper's Claims are Excluded from Coverage Under the Maxum Policy Because Harper was an Employee of Lone Star, a Contractor Hired by Insured Jake's.**

98.     Maxum reasserts and incorporates by reference Paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99.     The Maxum Policy is subject to the same definitions and exclusions applicable to any "controlling underlying insurance." Ex. A, SECTION I – COVERAGES, para. 2.

100. The Everest Policy is the "controlling underlying insurance" for purposes of the claims in the Harper Lawsuit. Ex. A, Section IV, para. 1; *see generally,* Ex. B.

101. The employer's liability exclusion in Endorsement ECG 21 740 09 11 of the Everest Policy, excludes coverage for bodily injury to any "employee" of any contractor hired or retained by any insured arising out of or in the course of "(a) employment or retention by or for any insured, any contractor, or sub-contractor or (b) performing duties related to the conduct of any insured's or any contractor or sub-contractor's business . . . ." Ex. B, Endorsement ECG 21 740 09 11.

102. Jake's is an insured under the Everest Policy and Maxum Policy. Ex. B, End. No. ILU003 (0589); Ex. A, p. 1.

103. Pursuant to the Staffing Company Agreement, Lone Star was an independent contractor of Jake's, retained to provide employees to Jake's who would perform services necessary to the operation of Defendants Jake's' business. *See,* Ex. C, Article I, § 1.1; VI, § 6.1.

104. According to Harper, he was an "employee" of Lone Star. Ex. E, ¶ 4.

105. Pursuant to the Staffing Company Agreement between Lone Star and Jake's, Harper was leased by Lone Star to provide services to assist in operating Jake's business. Ex. D, p. 1; Ex. C, Article I, § 1.1.

106. Therefore, Harper was an "employee" of a contractor, Lone Star, hired and retained by Jake's, an insured.

107. Harper's injury occurred while he was an employee of Lone Star and while he was leased to Jake's. Ex. D, p. 1; Ex. C, Article I, § 1.1.

108. Specifically, Harper's injuries allegedly occurred while he was cleaning expired consumer fireworks out of a trailer for Jake's. Ex. E, ¶ 5-8.

16

109. Harper's alleged injury and claims arise out of and in the course of his employment and retention with Lone Star, a contractor hired by Jake's, an insured.

110. Harper's alleged injury and claims also arise out of and in the course of his performance of duties related to the conduct of Jake's—an insured's—business.

111. The claims asserted in the Harper Lawsuit are excluded from coverage under the Everest Policy by Endorsement ECG 21 740 09 11.

112. The claims asserted in the Harper Lawsuit are therefore excluded from coverage under the Maxum Policy.

113. Maxum requests a declaration that it has no duty to defend or indemnify Jake's for the claims asserted in the Harper Lawsuit because those claims are excluded from coverage under the Maxum Policy by Endorsement ECG 21 740 09 11 of the Everest Policy.

WHEREFORE, Maxum Indemnity Company respectfully requests this Court grant judgment awarding the following relief:

a. Declaring the parties' respective rights and obligations under the Maxum Policy as more specifically described above;

b. Granting supplemental relief, including any proper relief in regard to this Court's declaration of the parties' rights and obligations under the Maxum Policy;

c. Costs of court; and

d. Such other and further relief as may be appropriate.

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Tyler J. Scott*
Scott L. Davis *pro hac vice*
Tyler J. Scott KS #24940
Sierra J. Faler KS #27991
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080 (FAX)
scott.davis@huschblackwell.com
tyler.scott@huschblackwell.com
sierra.faler@huschblackwell.com
***Attorneys for Maxum Indemnity Company***

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on the 31st day of March, 2020, a true and accurate copy of the foregoing was filed using the Court's electronic (ECF) filing/notification system to all parties of record.

               */s/ Tyler J. Scott*
               Attorney for Applicant for Intervention