**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EVEREST INDEMNITY INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**JAKE'S FIREWORKS, INC. and HOWARD O. HARPER,**

**Defendants.**

**MAXUM INDEMNITY COMPANY,**

**Intervenor Plaintiff,**

**v.**

**JAKE'S FIREWORKS, INC. and HOWARD O. HARPER,**

**Defendants.**

**Case No. 19-cv-2620-JAR-ADM**

**MEMORANDUM AND ORDER**

Plaintiff Everest Indemnity Insurance Company ("Everest") filed this action seeking a declaratory judgment that a commercial general liability insurance policy issued to Defendant Jake's Fireworks, Inc. ("Jake's"), Lone Star Management, LLC, and several other related entities does not provide liability coverage for a bodily injury claim and lawsuit filed against Jake's by Defendant Howard O. Harper pertaining to a workplace injury. This case is before the Court on Everest's Motion for Summary Judgment (Doc. 19) and Defendants' Motions to Stay (Docs. 16, 22, 47) all proceedings in this case pending resolution of the underlying state court action in the District Court of Crawford County, Kansas, No. 2016-CV-0000086-P. For the reasons explained in detail below, the Court **denies** the motion and retains jurisdiction over this action.

## I.      Procedural and Factual Background

Lone Star Management, LLC ("Lone Star") and Jake's were parties to a Staffing Services Agreement.  Per that agreement, Defendant Howard Harper ("Harper") was leased and provided to Jake's to perform services.  On August 12, 2014, Harper and another man were cleaning out a trailer owned by Jake's that contained expired consumer fireworks owned by Jake's, when a fire and explosion occurred.  Harper was injured and the other man died.  Harper filed a worker's compensation claim against Lone Star, whose workers' compensation insurer settled Harper's claim.

Harper filed suit against Jake's in Crawford County, Kansas District Court in July 2016 (the "State Court Action"), seeking damages for his physical injuries sustained from the fire and explosion from the accident.  Harper claims that he was instructed or directed by Jake's to remove the fireworks when the fire and explosion occurred.  Jake's asserted the affirmative defense that it is immune from liability in that action due to the exclusivity provisions of the State of Kansas' workers' compensation scheme because Jake's qualifies as the "statutory employer" of Harper.  The state court denied Jake's motion for summary judgment on its affirmative defense.

Everest insures both Jake's and Lone Star under a general liability policy (the "Policy"). The Policy has an Employer's Liability exclusion provision for bodily injury to any "employee" of or contractor hired by the insured, including "leased workers."  Everest has been and is currently providing Jake's a defense in the State Court Action under a reservation of rights.  It has now filed this declaratory judgment action seeking a judicial determination that the Policy does not provide coverage to Jake's in the State Court Action for injuries suffered by Harper and that it has no duty to indemnify or defend Jake's in that case.  Everest moved for summary

judgment as a matter of law that the Employer's Liability exclusion in the Policy applies to bar coverage in this matter because: (1) Lone Star is a named insured on the Policy, Harper was an "employee" of Lone Star; and Harper's injury arose out of and in the course of his employment at Lone Star; (2) Jake's was a named insured on the Policy, Harper was a "leased worker" of Jake's, and Harper's injury arose out of and in the course of his employment and/or retention by Jake's; and (3) Jake's is a named insured under the Policy, Harper was an employee of Lone Star, Lone Star was a contractor hired or retained by Jake's, and Harper's injury arose out of or in the course or his employment at Lone Star and its retention as Jake's contractor. Briefing on Everest's motion for summary judgment has been abated pending this Court's ruling on Defendants' motion to stay the declaratory judgment action during the pendency of the State Court Action.

On March 30, 2020, Maxum Indemnity Company was permitted to intervene as a party plaintiff to seek a declaration of its rights and obligations under a commercial excess liability policy that it issued to Jake's relating to the same accident and lawsuit involving Harper.[1] Maxum asserts that the excess liability policy is subject to the same exclusions applicable to the controlling underlying insurance, the Everest Policy, and thus Harper's claims in the State Court Action are excluded from coverage for the same reasons asserted by Everest. Jake's has also moved to stay proceedings in this case regarding Maxum's declaratory judgment action, incorporating its arguments made with respect to Everest.[2]

[1]Docs. 43, 44.

[2]Doc. 48.

## II.     Discussion

The decision whether to exercise jurisdiction in a declaratory judgment action is a matter within the sound discretion of the district court.[3]  A district court generally "should not entertain a declaratory judgment action over which it has jurisdiction if the fact-dependent issues are likely to be decided in another pending proceeding."[4]  The Tenth Circuit has set forth five factors that a court should evaluate in determining whether to exercise jurisdiction over a declaratory judgment action:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more productive.[5]

While the parties agree that these so-called *Mhoon* factors govern the Court's analysis, they dispute the application and weight of the factors.  The Court discusses each in turn.

The first *Mhoon* factor weighs slightly in favor of Everest.  This declaratory judgment action will settle the insurance coverage issues raised in this case.  The coverage issue will not be decided in the State Court Action.

The second *Mhoon* factor also weighs in Everest's favor.  The Declaratory Judgment Act "enables parties uncertain of their legal rights to seek a declaration of rights prior to injury."[6]  Declaratory judgment actions are appropriate to clarify legal relations before final adjudication

---

[3]*Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 289 (1995); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

[4]*Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989).

[5]*United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

[6]*Kunkel*, 866 F.2d at 1274 (citations omitted).

of an underlying action because an insurer has a duty to defend, conduct settlement negotiations, and pay any judgment or settlement amount entered against its insured.[7]  A declaratory judgment from this Court relating to the Policy coverage issues presented would clarify the parties' legal relations and resolve uncertainty regarding Everest's obligations.

The third *Mhoon* factor requires the Court to consider whether the declaratory remedy is being used for procedural fencing.  "In looking at whether the declaratory judgment action is being used in order to gain a procedural advantage, the court considers the timeliness of the actions at issue."[8]  Here, Harper initiated the State Court Action in July 2016.  Over three years later, after the state court denied Jake's motion for summary judgment on its affirmative defense, Everest filed the instant action in October 2019.  Defendants argue that Everest is seeking to ignore over three years of litigation in the State Court Action and the inherently fact-based determination required for a finding of employment status of Harper in hopes of convincing this Court that no coverage is required under the Policy before the state court jury can make that finding.  The Court finds the concerns raised by Defendants do not support an inference that Everest is proceeding with the lawsuit for an improper purpose.[9]  As discussed below, the amount of overlap between the parties and the issues dictates that there will be little, if any, preclusive effect.  This factor also weighs in favor of Everest.

The fourth *Mhoon* factor—whether proceeding in this case will cause friction in the State Court Action—revolves around whether this action involves key fact issues that are also before

---

[7]*Id.* at 1275.

[8]*Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1246 (D. Kan. 2002) (quoting *Bd. of Cty. Comm'rs v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1121 (D. Kan. 2001)).

[9]*See St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995) (holding that the district court did not abuse discretion in finding improper purpose where, after three years of negotiations, an insurance company filed declaratory action the day before it knew the insured would file suit in state court on similar issues).

the state court. When the Kansas Workers' Compensation Act ("KWCA") applies, an employee receiving workers' compensation benefits cannot bring a tort action against the employer.[10] The KWCA also covers certain individuals or entities who are not the immediate employers of the injured worker, but who are "statutory employers."[11] In the State Court Action, Jake's alleges that the "exclusive remedy" provision of Kansas workers' compensation laws shields it from liability because Jake's qualifies as the "statutory employer" of Harper. In determining whether an employer is a statutory employer, courts apply the Kansas Supreme Court's so-called "*Hanna* tests," asking the following questions: (1) whether similar businesses use their own employees to perform the kind of work that was being performed by the injured worker; or (2) whether the principal in the present case would normally do the work through its own employees.[12] An affirmative answer to either question means the worker's sole remedy is under the KWCA.[13]

By contrast, this Court will need to make the following factual determinations in order to rule on whether the Policy's Employer's Liability exclusion applies: (1) whether Harper was an employee of Lone Star; (2) whether Harper was a "leased worker" of Jake's; or (3) whether Harper was an employee of Lone Star, a contractor of Jake's. Defendants argue that factual issues with respect to Jake's liability-determinative exclusive remedy affirmative defense—specifically whether Harper was an employee of Jake's—would overlap with the issues in this Declaratory Judgment action and thus, a determination by this Court of whether the Policy's

---

[10]K.S.A. § 44-501b(d); *see also Robinett v. Haskell Co.*, 12 P.3d 411, 414 (Kan. 2000) (holding "a worker may not maintain a common-law action for damages founded upon negligence against a party from whom he or she could have recovered compensation from that employer under the Act.").

[11]K.S.A. § 44-503(a).

[12]*Bright v. Cargill, Inc.*, 837 P.2d 348, 356 (Kan. 1992) (clarifying *Hanna v. CRA, Inc.*, 409 P.2d 786, 789 (Kan. 1966)); *Stottlemyre v. Sunflower Elec. Power Corp.*, 107 F. Supp. 3d 1182, 1188–89 (D. Kan. 2015) (applying "*Hanna* test").

[13]*Bright*, 837 P.2d at 356.

Employer's Liability exclusion applies would encroach upon state court jurisdiction and increase the friction between this Court and the state court. The Court disagrees.

As Defendants note, where state court actions involve questions of affirmative defenses of fault regarding whether an employee is acting within the course of employment, thus affecting insurance coverage issues, courts have found that staying the declaratory action is appropriate.[14] No such affirmative defense regarding fault is raised in the State Court Action, however, and the competing factual determinations in this case are not so intertwined as to cause friction between federal and state courts. The scope of the Policy exclusion provision is broader than the scope of the affirmative defense invoking worker's compensation immunity. Thus, a finding that Jake's is not covered by the Policy because of a finding that Harper is an employee of Lone Star or a "leased worker" of Jake's does not preclude a finding that Jake's was a "statutory employer" of Harpers. To the extent that there is overlap of issues, such overlap does not preclude this Court from exercising jurisdiction.[15] Accordingly, the issues presented in this Declaratory Judgment Action are neither dependent on nor interfere with the affirmative defense presented in the State

---

[14]*See, e.g.*, *Schering Corp. v. Griffo*, 872 F. Supp. 2d 1220, 1243 (D.N.M. 2012) (staying declaratory action where state court action involved questions of affirmative defense regarding whether employee was acting within scope of employment, which would impact issue of insurance coverage); *Nat'l Ins. Co. v. Thomas & Sons Trucking, L.L.C.*, No. 14-4023-CM, 2015 WL 265519, at *2 (D. Kan. Jan. 21, 2015) (staying declaratory judgment action where potential affirmative defense in state court case regarding whether an employee was acting within the course of employment impacted insurance coverage issue in declaratory judgment action regarding whether employee was acting in course of employment at time of accident); *Nationwide Mut. Ins. Co. v. Smith*, No. 11-1266-JAR, 2014 WL 806183, at *2–3 (D. Kan. Feb. 28, 2014) (staying declaratory action where affirmative defense that employee was not acting in course of his employment when accident occurred was intertwined with questions in underlying state court action regarding whether employee's actions were outside the parameters of employment).

[15]*See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 (10th Cir. 1994) (concluding that a federal court's determination of whether a party acted intentionally, an issue which was also before the state court, did not amount to "undue interference with the state court proceedings").

Court Action, and Defendants' fears of inconsistent decisions are unfounded.[16] The fourth factor weighs in Everest's favor.

The fifth and final *Mhoon* factor also weighs in favor of Everest. "Declaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability."[17] "Courts have 'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the [insurer] . . . such a forum.'"[18] Here, no alternate remedy will resolve the insurance coverage issues. The underlying State Court Action will resolve only liability and damages issues and not insurance coverage issues and Everest is not a party to that action. On the other hand, the outcome of the State Court Action could ultimately moot this case. The parties do not provide the Court with a timeline for the State Court Action or indicate that a trial date has been set. The issues before this Court on summary judgment involve relatively straightforward questions of law regarding interpretation of an insurance contract. Thus, a stay of the action before this Court would not present a more logical, efficient treatment of the case.[19]

Accordingly, the Court determines the balance of the *Mhoon* factors weighs against staying this declaratory judgment action pending the resolution of the State Court Action. Because Maxum's intervenor declaratory judgment action requests a determination of its rights and obligations under its excess claims policy that are subject to the same exclusions applicable to the Everest Policy, the reasoning weighing against staying this action also applies to its claim.

[16]*Cf. Mid-Continent Cas. Co. v. Northstar Homebuilders, Inc.*, 297 F. Supp. 3d 1329, 1332 (S.D. Fla. 2018) (staying declaratory judgment action where insurance policy exclusion clause was based on workers' compensation benefits and affirmative defense on workers' compensation immunity was raised in underlying state court action).

[17]*Bd. of Cty. Comm'rs v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1122 (D. Kan. 2001).

[18]*Id.* (quoting *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 579 (10th Cir. 1991)).

[19]*See Mhoon*, 531 F.3d at 984 ("We note . . . that there is a substantial interest in deciding [insurance coverage] issues without undue delay, particularly the duty to defend").

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Stay (Docs. 16, 22, 47) all proceedings in this case pending resolution of the underlying state court action in the District Court of Crawford County, Kansas, are **DENIED**; the Court will exercise jurisdiction over this case under the Declaratory Judgment Act.

**IT IS FURTHER ORDERED** that Defendants shall respond to Everest's Motion for Summary Judgment (Doc. 19) within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 27, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE