**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

EVEREST INDEMNITY INSURANCE COMPANY,

Plaintiff,

v.

JAKE'S FIREWORKS, INC., *et al.*,

Defendants,

Case No. 19-2620-JAR-ADM

**MEMORANDUM AND ORDER**

Plaintiff Everest Indemnity Insurance Company ("Everest") filed this declaratory judgment action against Defendants Jake's Fireworks, Inc. ("Jake's) and Howard O. Harper. Everest seeks a declaration of its rights and obligations under an insurance policy it issued to Jake's relating to an accident involving Mr. Harper and a subsequent state-court lawsuit that Mr. Harper brought against Jake's.

This matter now comes before the court on Defendant Jake's Fireworks, Inc.'s Motion for Leave to Amend its Currently Pending Amended Answer and Counterclaim to Plaintiff's Claim for Declaratory Judgment. (ECF No. 84.) This motion was prompted by arguments raised during the parties' summary judgment briefing. Specifically, Everest moved for summary judgment, Jake's response argued (among other things) that Everest is estopped from asserting certain coverage defenses and that a stop-gap coverage endorsement affords Jake's coverage, and Everest's reply argued that Jake's waived these defenses by not pleading them. So Jake's now moves to amend to expressly plead estoppel as an affirmative defense and to plead its position regarding the stop-gap coverage endorsement. Although Jake's seeks leave to amend, the gist of

its arguments are also essentially that it does not need to amend because its operative pleading fairly encompasses its estoppel defense, its argument regarding the stop-gap coverage endorsement is not an affirmative defense that needs to be pleaded, and Everest had fair notice of Jake's positions.

Everest has not yet responded to Jake's motion to amend. However, the undersigned will rule without awaiting further briefing for two reasons. First, the scheduling order deadline for a motion to amend the pleadings has passed and Jake's has not shown good cause for a belated motion to amend after that deadline, and therefore the motion does not meet the applicable legal standard. Second, Jake's arguments to the effect that the pertinent issues are already fairly encompassed in its operative pleading do not bear on the legal standard for a motion to amend, but instead would be more properly raised as a proposed surreply in connection with the parties' summary judgment briefing. Therefore, Jake's should act promptly if it wants the chief district judge to consider allowing a surreply with those arguments because the summary judgment motion is now fully briefed. Therefore, the court *sua sponte* denies Jake's motion to amend.

## I. BACKGROUND

Mr. Harper was working in some capacity at a Jake's Fireworks location when he suffered severe burns from a fire that occurred when he was unloading fireworks using a forklift. (ECF No. 1 ¶ 18.) The parties disagree whether, at the time of the accident, Mr. Harper was an employee of Jake's or Lone Star, LLC ("Lone Star"). According to Everest's complaint, Mr. Harper filed a worker's compensation claim against Lone Star, which Lone Star's insurer ultimately settled, and Mr. Harper also filed suit against Jake's in the District Court of Crawford County, Kansas. (*Id.* ¶¶ 19-20.) Jake's tendered its defense and indemnity to Everest, and Everest is providing Jake's defense under a reservation of rights. (*Id.* ¶ 22.) Everest then filed

this action, seeking a declaration of its rights and obligations under the policy. Everest claims the employer's liability exclusion bars coverage for Mr. Harper's injuries regardless of whether he was any of the following: (1) a Lone Star employee, because Lone Star is a named insured under the policy; (2) a Lone Star employee, because Lone Star was a contractor hired and retained by Jake's, which is a named insured; or (3) a "leased worker" who qualified as an employee of Jake's, which is a named insured. (*See generally id.*)

On February 5, 2020, Everest moved for summary judgment on the grounds that various policy exclusions bar coverage regardless of the capacity in which Mr. Harper was working. (ECF No. 22.) The chief district judge granted Jake's and Mr. Harper an extension of time to respond to Everest's summary judgment motion pending the court's ruling on their motions to stay this case pending resolution of the state-court suit. (ECF No. 25.) On March 3, the undersigned convened a scheduling conference and imposed case management deadlines. (ECF No. 34.) Among other things, the scheduling order required the parties to file all motions to amend the pleadings by April 28. (*Id.* at 7.) On April 27, the chief district judge denied Jake's and Mr. Harper's motions to stay and set a deadline for them to respond to Everest's pending summary judgment motion. (ECF No. 49.) Jake's filed its response to that summary judgment motion on June 3. (ECF No. 72.)

Meanwhile, the court granted two excess insurers' motions to intervene as party plaintiffs seeking declarations of their rights regarding excess coverage for the same event. (ECF No. 43, 65.) Because the two intervenor plaintiffs Maxum Indemnity Insurance Company and James River Insurance Company were added to the case, the court set a status conference on June 9 to discuss whether any extensions to the scheduling order were needed. (ECF No. 71.) During that status conference, the parties explained that they are all seeking rulings on the insurers' summary

judgment motions—including both Everest's pending summary judgment motion as well as the intervenors' anticipated summary judgment motions—before proceeding with additional discovery or retaining expert witnesses. Jake's also stated that it would likely file its own summary judgment motion as well. The court specifically asked the parties what they needed to file and brief their summary judgment motions. The parties stated they needed no additional discovery, and they raised no other issues. Essentially, all parties agreed to postpone further case activity pending a ruling on the summary judgment motions. The court therefore set a deadline of July 10 for all parties to file their summary judgment motions. (ECF No. 78.) And because the parties agreed that the court's summary judgment rulings could obviate or substantially narrow the need for additional discovery, the court stayed discovery and temporarily vacated all remaining deadlines. (*Id*.)

Jake's filed its summary judgment response brief on June 3, just days before the June 9 status conference. Therein, Jake's argued that Everest is estopped from asserting the employer's liability exclusion as a defense and that the policy's stop-gap coverage endorsement provides coverage for Mr. Harper's claims. (ECF No. 72, at 29-31, 40-42.) Everest filed its summary judgment reply on July 1, arguing that Jake's waived the estoppel defense by not designating it as an affirmative defense in its operative pleading and that Jake's waived its position regarding the stop-gap coverage endorsement by not pleading it. (ECF No. 83, at 28-29; 32.) In view of these arguments, Jake's filed its motion to amend on July 8. (ECF No. 84.) Jake's essentially argues that its estoppel defense is already encompassed within its operative pleadings and that its position regarding stop-gap coverage is not an affirmative defense that must be pleaded but that Everest was on notice. Yet Jake's nevertheless seeks leave to amend to specifically plead estoppel as an affirmative defense and to plead its position regarding stop-gap coverage.

## II. JAKE'S HAS NOT SHOWN GOOD CAUSE TO MODIFY THE SCHEDULING ORDER TO ACCOMMODATE AN UNTIMELY MOTION TO AMEND

Although Jake's does not directly address the untimeliness of its motion to amend, it seems to rely on the court's June 9 status conference and subsequent discovery order to argue that the undersigned contemplated imposing additional deadlines after rulings on the summary judgment motions. In other words, Jake's seems to imply that the court would have extended this deadline anyway at some point. This is incorrect. The court and the parties discussed the need to reevaluate the potential need for limited discovery after the summary judgment rulings but not extending the then-expired deadline for motions to amend the pleadings. To the contrary, the written order following the June 9 status conference memorializes that the court "temporarily vacates all *remaining* deadlines" and that, after the summary judgment rulings, the parties were to submit a status report proposing new deadlines for "all *remaining* case management activities." (ECF No. 78 (emphasis added)). The deadline for amendments to the pleadings was April 28, and so it was not a "remaining deadline" that was vacated or that would be reset at some point in the future.

Jake's is therefore moving to amend after the deadline set in the scheduling order. Consequently, Jake's must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P. 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Turning first to the issue of good cause, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply

failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.*

Jake's does not address the good-cause standard. This alone is reason to deny the motion. *See Husky Ventures*, 911 F.3d at 1019 (court can deny a motion to amend for failure to show good cause under Rule 16(b)(4)); *see also Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (affirming denial for lack of good cause where the movant did not articulate any rationale for the untimeliness of the motion to amend). The record does not establish that Jake's acted with diligence with respect to the deadline for amendments. Everest filed its summary judgment motion on February 5—nearly three months before the April 28 deadline for amendments to the pleadings and nearly four months before Jake's filed its summary judgment response brief. So Jake's had plenty of time while Everest's summary judgment motion was pending to determine whether Jake's pleadings adequately preserved whatever arguments Jake's planned to make in response to Everest's summary judgment motion.

Jake's argues that Everest's reply brief triggered the motion to amend. But Everest's arguments were in reply to the arguments Jake's raised in its summary judgment response brief. It was incumbent upon Jake's to know whether its pleadings adequately raised the pertinent issues. Moreover, Jake's filed its response brief on June 3, which was less than a week before the court asked the parties during the June 9 status conference what they needed to brief summary judgment. That would have been the time for Jake's to say that it wanted the opportunity to expressly plead these matters to make sure that they were adequately preserved for summary judgment purposes. But Jake's did not. Allowing Jake's to amend at this point—when Everest's summary judgment motion is now fully briefed and ripe for decision—amounts

to skirting arguments raised on summary judgment that could have been addressed through a timely motion to amend.

Turning next to the standards for a motion to amend, the court may deny a motion to amend under FED. R. CIV. P. 15(a)(2) on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same). For essentially the same reasons set forth above, Jake's unduly delayed in seeking the requested amendment. And although Everest has not had an opportunity to respond to Jake's motion, Everest could easily demonstrate undue prejudice. A party may be unduly prejudiced when an amendment unfairly affects a party preparing its case. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Here, the prejudice is obvious: Everest filed its summary judgment motion on February 5, which was then put on hold pending a ruling on Jake's and Mr. Harper's motions to stay, which the court ultimately denied. Now that the motion is ripe, allowing an amendment complicates the summary judgment record and essentially amounts to a do-over for Jake's on the issue of waiver, thereby prejudicing Everest. Jake's motion suffers from other defects, as well.

## III. RULE 8(c)(2) DOES NOT PROVIDE AN INDEPENDENT BASIS TO AMEND ON THIS RECORD

Jake's also cites FED. R. CIV. P. 8(c)(2) as a basis for a motion to amend. However, this rule does not provide a basis to amend on this record. Rule 8 governs the general rules of pleading, and subsection (c)(2) provides that a mistakenly designated counterclaim will be deemed to be an affirmative defense and vice versa. The rule allows the court to "treat the pleading as though it were correctly designated[.]" In other words, Rule 8(c)(2) provides relief in a case of a simple mistaken designation, but substantive amendments to a pleading are

governed by Rule 15(a)(2). *See Rocheux Int'l of N.J., Inc. v. U.S. Merchants Fin. Grp., Inc.*, 741 F. Supp. 2d 651, 660 (D.N.J. 2010) (addressing the differences between the rules). Jake's argues that its estoppel defense was pleaded but potentially mistakenly designated; that it was not required to specifically plead its position regarding the stop-gap coverage; and that Everest was on notice regardless. All of these arguments go to substantive issues raised in the parties' summary judgment briefing. To that end, they are more in the vein of a surreply because they bear on Everest's waiver argument raised in its reply brief rather than bearing on the matters the court considers on a motion to amend. *Cf. Wilkerson*, 606 F.3d at 1267 (court can deny a motion to amend for undue delay, undue prejudice, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment). Because of the significant overlap with the summary judgment briefing, the court will not consider or rule on these issues here. Should Jake's wish to seek leave to file a surreply so that the chief district judge can decide whether these Jake's waived the pertinent arguments by not adequately pleading them, Jake's should file a motion for leave to file a surreply to the summary judgment briefing and attach its proposed surreply. *See Dodson Int'l Parts, Inc. v. Williams Int'l Co., LLC*, No. 216CV02212JARADM, 2020 WL 3216568, at *6 (D. Kan. June 15, 2020) ("Leave to file a surreply is generally only granted in rare circumstances such as where the movant improperly raises new arguments in a reply. Such rules are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word." (internal quotations omitted)). Furthermore, Jake's would be well advised to make this filing promptly because the summary judgment motion is now ripe

## IV. CONCLUSION

The court denies Jake's motion to amend because it is untimely under the scheduling order, and Jake's has not shown good cause for an extension of the scheduling order deadline to accommodate the belated amendment. The court separately notes that Jake's proposed amendment also suffers from undue delay and would likely result in undue prejudice to Everest. Most of Jake's arguments are more appropriately raised in a surreply to the summary judgment briefing, if one is allowed. In addition, the court denies Jake's motion for failure to comply with D. KAN. RULE 15.1(a)(2), which requires that a motion to amend must "attach the proposed pleading."

**IT IS THEREFORE ORDERED** that Defendant Jake's Fireworks, Inc.'s Motion for Leave to Amend its Currently Pending Amended Answer and Counterclaim to Plaintiff's Claim for Declaratory Judgment (ECF No. 84) is denied.

**IT IS SO ORDERED.**

Dated July 10, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge